**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**---------------------------------------------------------------X**

**SUNBELT RENTALS, INC.,**

**Plaintiff,**

**-against-**

**INTERSTATE SIGNCRAFTERS, LLC,**

**Defendant.**

**---------------------------------------------------------------X**

**Case No.: 2:19-cv-6929 (AMD) (CLP)**

**DEFENDANT'S MEMORANDUM OF LAW**
**<u>IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND</u>**

**MILMAN LABUDA LAW GROUP PLLC**
Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendant*

## I. PRELIMINARY STATEMENT

The law provides that any civil action may be removed by the defendant where there is diversity of citizenship. It also provides that a corporation is deemed a citizen of every state by which it has been incorporated and where it has its principal place of business. Tellingly, the law does not deem a corporation a citizen of a state in which it is authorized to do business; doing so would subject national corporations that are authorized to do business in every state (where they are neither incorporated nor have a *principal* place of business) a citizen of all fifty (50) states.

The Plaintiff Sunbelt Rentals, Inc. ("Plaintiff") is a citizen of North Carolina. Though Plaintiff does not disclose in what state its principal place of business is located, its invoices (which are annexed to its summons and complaint in its Florida Circuit Court action) provide that all payments are to be sent to Atlanta, Georgia. Similarly, though these invoices contain various branches of Plaintiff's location both inside and outside the State of Florida, there is no telling whether any such branch is the principal place of business of the Plaintiff. The Defendant Interstate Signcrafters LLC ("Defendant") is a citizen of Florida and New York because, as set forth below, it was incorporated in Florida and its principal place of business is currently in New York. There is a diversity of citizenship here. Plaintiff's motion must thus be denied in its entirety.

## II. FACTS

Defendant was formed as a Florida limited liability company on April 3, 2012. See Exhibit 4 to Plaintiff's "Certification" in support of its motion for remand (hereinafter "Plaintiff's 'Certification'"), docket entry 7-4. On April 30, 2019, an annual certification was prepared and filed by Defendant's accountant providing that Defendant's principal place of business is in Florida. See Exhibit 6 to Plaintiff's "Certification," docket entry 7-6.

In or about July 2019, Defendant's operations in Florida ceased and its principal place of business was moved to Bohemia, New York. See Declaration of Jeff Petersen (hereinafter "Petersen Decl.") ¶ 6. As such, Defendant's principal place of business is currently in the State of New York. Id. at ¶ 7.

On August 12, 2019, Plaintiff filed a summons and complaint against Defendant in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida asserting causes of action for breach of contract and *quantum meruit* arising out of alleged monies owed for renting certain equipment. See Exhibit 1 to Plaintiff's "Certification," docket entry 7-1.

Service of the summons and complaint was purportedly made upon one (1) "Tee Lancaster," an "authorized employee" of the "corporation." See Exhibit 2 to Plaintiff's "Certification," docket entry 7-2. Tee Lancaster is not a registered agent, member, manager, nor an employee designated by any member or manager of Defendant to accept any service of process on behalf of the Defendant. See Petersen Decl. ¶¶ 8-12. The Defendant is not a corporation.

On or about October 29, 2019, a default was entered for Defendant's failure to serve or file any pleading or document as required by Florida law. See Exhibit 3 to Plaintiff's "Certification," docket entry 7-3. The Defendant was never properly served in the first place.

## III. STANDARD OF REVIEW

Federal law provides that a defendant may remove a case within thirty (30) days after the receipt by the defendant of a copy of the initial pleading. See 28 U.S.C. § 1446(b); see also 28 U.S.C. § 1446(b)(2)(B) (providing each defendant has thirty (30) days to remove after service).

28 U.S.C. § 1447(c) authorizes federal courts to remand a case "on the basis of any defect in removal procedure" or because "the district court lacks subject matter jurisdiction." See LaFarge Coppee v. Venezolana De Cementos, S.A.C.A., 31 F.3d 70, 72 (2d Cir. 1994).

"In a case removed to federal court from state court, the removal statute is to be interpreted narrowly, and the burden is on the removing party to show that subject matter jurisdiction exists and that removal was timely and proper." See Winter v. Novartis Pharm. Corp., 39 F. Supp. 3d 348, 350 (E.D.N.Y. 2014) (citing Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269 (2d Cir. 1994)). A court will "generally evaluate a defendant's right to remove a case to federal court at the time the removal notice is filed." See Vera v. Saks & Co., 335 F.3d 109, 119 n.2 (2d Cir. 2003).

"[O]n a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." See Hodges v. Demchuk, 866 F. Supp. 730, 732 (S.D.N.Y. 1994) (citing R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir. 1979) ("[T]he burden falls squarely upon the removing party to establish its right to a federal forum by competent proof." (citation omitted))); see also Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction.").

## IV. ARGUMENT

### POINT I

### DEFENDANT'S REMOVAL WAS TIMELY

Plaintiff commenced an action against Defendant in the Circuit Court of the State of Florida, Palm Beach County, on August 12, 2019. See Exhibit 1 to Plaintiff's "Certification," docket entry 7-1. Plaintiff purports to have effectuated service upon Defendant on August 27, 2019, on one (1) Tee Lancaster who is claimed to be "an authorized employee" of the "corporation. See Exhibit 2 to Plaintiff's "Certification," docket entry 7-1. However, service upon Tee Lancaster was not proper to effectuate service upon the Defendant, a limited liability company formed under the laws of the State of Florida.

Indeed, Florida law provides, with respect to service on a limited liability company:

> (1) Process against a limited liability company, domestic or foreign, **may be served on the <u>registered</u> <u>agent</u> designated by the limited liability company** under chapter 605. A person attempting to serve process pursuant to this subsection may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is a natural person and is temporarily absent from his or her office.
>
> (2) If service cannot be made on a registered agent of the limited liability company because of failure to comply with chapter 605 or because the limited liability company does not have a registered agent, or if its registered agent cannot with reasonable diligence be served, **process against the limited liability company,** domestic or foreign**, may be served**:
>
> > (a) **On a <u>member</u>** of a member-managed limited liability company;
> > (b) **On a <u>manager</u>** of a manager-managed limited liability company; or
> > (c) **If a member or manager is not available** during regular business hours to accept service on behalf of the limited liability company, **he, she, or it may <u>designate</u> an employee of the limited liability company to accept such service**. After one attempt to serve a member, manager, or designated employee has been made, process may be served on **the <u>person</u> <u>in</u> <u>charge</u> of the limited liability company during regular business hours.**
>
> (3) If, after reasonable diligence, service of process cannot be completed under subsection (1) or subsection (2), **service of process may be effected by service upon the <u>Secretary</u> <u>of</u> <u>State</u> as agent of the limited liability company** as provided for in s. 48.181.
>
> (4) If the address for the registered agent, member, or manager is a residence, a private mailbox, a virtual office, or an executive office or mini suite, service on the domestic or foreign limited liability company may be made by **serving the registered agent, member, or manager** in accordance with s. 48.031.
>
> (5) This section does not apply to service of process on insurance companies.

<u>See</u> Fla. Stat. Ann. § 48.062 (emphasis added).

Here, the Plaintiff failed to properly serve process on the Defendant. Tee Lancaster is not the registered agent, member, manager, nor an employee *designated* by a member or manager of the Defendant to accept service. Similarly, Plaintiff did not serve Defendant by serving process upon the Secretary of State as agent of the Defendant. The affidavit of service only states that Tee Lancaster is an "authorized employee." However, Florida law does not permit service of process upon an LLC by an "authorized employee;" it only permits it where an authorized employee is *designated by a member or manager* of the LLC. See Fla. Stat. Ann. § 48.062(2)(c); see also Fed. R. Civ. P. 4(h)(1)(a) (permitting service by following state law); City of Sachse, Texas v. Kansas City Southern, 564 F.Supp.2d 649 (E.D. Tex. 2008) (holding that thirty-day period to remove a case from state court does not begin to run until after simultaneous service of the summons and complaint, or receipt of the complaint, through service or otherwise, after and apart from service of the summons, **but is not triggered by mere receipt of the complaint unattended by any formal service**) (emphasis added).

As a result, because Plaintiff failed to properly serve Defendant, the clock for its deadline to remove the Florida Circuit Court action never started ticking and its prompt removal upon informally learning of the lawsuit was therefore timely.

## POINT II

## DIVERSITY OF CITIZENSHIP EXISTS SUCH THAT REMOVAL IS PROPER

For the same reason, Plaintiff's objection to removal is unavailing with respect to its contention that Defendant may not remove this case because it is a citizen of the State of Florida by virtue of its incorporation there. This is so because Defendant was never "properly joined and served" as a defendant in the Florida Circuit Court action.

The statute provides a civil action otherwise removable solely on the basis of diversity jurisdiction may not be removed **if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.** See 28 U.S.C. § 1441(b)(2). Indeed, the prohibition against removal is expressly conditioned upon a plaintiff's proper effectuation of service under the laws of the state in which the state court action was brought according to the plain language of the statute.

Here, as set forth above, the Defendant was never properly served under Florida law. Accordingly, Plaintiff's argument for remand is meritless and removal was proper.

**POINT III**

**PLAINTIFF'S OBJECTION TO VENUE DOES NOT RENDER REMOVAL IMPROPER**

Plaintiff also argues that even if removal was proper (it is), Defendant should have removed the action to the appropriate Florida district court. However, removal to the wrong federal district does not compel remanding the action to the state court. See Ullah v. F.D.I.C., 852 F. Supp. 218, 221 (S.D.N.Y. 1994); see also S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 n.3 (5th Cir. 1996) (citing Kreimerman v. Casa Veerkamp, S.A. de C.V., 22 F.3d 364, 645 (5th Cir. 1994) ("When a case is removed to the wrong district, the mistake does not require remand and the interest of justice requires that the action be transferred to the district court of proper venue").

Defendant, of course, does not concede that venue is improper nor that the Florida State Court Action was removed to the wrong district. In fact, because Defendant has moved its principal place of business to the State of New York, it would have grounds to move any Florida district court to transfer venue for the convenience of parties and witnesses in the interest of justice. See 28 U.S.C. § 1404. However, Defendant had hoped the parties in this case would have focused their efforts on resolving this case rather than engage in litigation over where to litigate.

It should be noted, in that regard, that Defendant requested from Plaintiff both proof of service concerning its argument that removal was untimely and sought to discuss resolution of this case rather than engage in unnecessary motion practice. See Exhibit 9 to Plaintiff's "Certification," docket entry 7-9 (requesting proof of service and opening the dialogue for settlement discussions).

Rather than providing proof of service (establishing an inference that Plaintiff did not wish for Defendant to review and scrutinize same) nor discussing resolution, Plaintiff instead engaged in motion practice in violation of Rule 1 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 1 (providing that the Rules should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding) (emphasis added). Gallingly, Plaintiff also seeks attorneys' fees and costs despite the fact that they have altogether failed to establish entitlement to the relief that they seek on account of their wholesale failure to properly serve the Defendant in the Florida Circuit Court action in the first place. Such sharp tactics should not be countenanced by this Court.

Accordingly, this Court must deny Plaintiff's motion for remand in its entirety, together with all related requests for relief concerning attorneys' fees and costs.

Dated: Lake Success, New York
February 7, 2020

**MILMAN LABUDA LAW GROUP PLLC**

__/s____________________________________

Emanuel Kataev, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 303-1395 (direct dial)
(516) 328-0082 (facsimile)
emanuel@mllaborlaw.com

*Attorneys for Defendants*

**VIA ECF**
Forchelli Deegan Terrana LLP
Attn: Michael Andrew Berger, Esq.
333 Earle Ovington Boulevard
Suite 1010
Uniondale, NY 11553
mberger@forchellilaw.com