UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
**SUNBELT RENTALS, INC.**,

                Plaintiff,                      **MEMORANDUM & ORDER**
                                                                19-CV-06929

       -against-

**INTERSTATE SIGNCRAFTERS, LLC**,

                Defendant.
------------------------------------------------------------x

**ANN M. DONNELLY**, United States District Judge:

On December 10, 2019, the defendant removed this action from the Circuit Court of the State of Florida, Palm Beach County. (ECF No. 1.) On January 9, 2020, the plaintiff moved to remand the action to state court (ECF No. 7), which the defendant opposed (ECF No. 9). For the reasons that follow, I remand this action to the Circuit Court of the State of Florida, Palm Beach County.

## BACKGROUND

On August 12, 2019, the plaintiff filed a summons and complaint in Florida state court alleging breach of contract and quantum meruit. (ECF No. 1-1.) On August 27, 2019, the plaintiff served the summons and complaint on Tee Lancaster as the defendant's "authorized employee." (ECF No. 7-3.) The Circuit Court of the Fifteenth Judicial Circuit in Palm Beach County entered a default against the defendant on October 29, 2019 for "failure to serve or file any pleading or document as required by law." (ECF No. 7-4.) The defendant filed a notice of removal in this Court on December 10, 2019, more than three months after the plaintiff served the summons and complaint. (ECF No. 1.)

## DISCUSSION

28 U.S.C. § 1441 permits a defendant to remove a civil action filed in state court to federal court if the case could have been brought in federal court in the first instance. 28 U.S.C. § 1441(a). A defendant must file the notice of removal within thirty days of receiving the initial pleading, 28 U.S.C. § 1446(b)(1), and the case may be removed only "to the district court of the United States for the district and division embracing the place where such action is pending," 28 U.S.C. § 1441(a).

Section 1441 permits removal on the basis of either federal question jurisdiction or diversity of citizenship; however, where the only basis for federal subject matter jurisdiction is diversity of citizenship under 28 U.S.C. § 1332, "the forum defendant rule applies." *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 704 (2d Cir. 2019) (citation omitted). "Under that rule, which is set out at 28 U.S.C. § 1441(b)(2), a suit that is otherwise removable solely on the basis of diversity of citizenship may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* at 704-05 (citation, alterations and internal quotation marks omitted).

"In a case removed to federal court from state court, the removal statute is to be interpreted narrowly, and the burden is on the removing party to show that subject matter jurisdiction exists and that removal was timely and proper." *Winter v. Novartis Pharm. Corp.*, 39 F. Supp. 3d 348, 350 (E.D.N.Y. 2014) (citing *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) and *Wilson v. Rep. Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). Even on a motion for remand, the burden of demonstrating that removal was proper rests on the party seeking to sustain removal. *See R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655

(2d Cir. 1979) ("[T]he burden falls squarely upon the removing party to establish its right to a federal forum by 'competent proof.'") (citations omitted), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010); *see also Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction.") (citation omitted).

The defendant removed the action on the basis of diversity jurisdiction and concedes that it is a citizen of Florida. (ECF No. 9 at 1 ("The Defendant . . . is a citizen of Florida and New York because, as set forth below, it was incorporated in Florida and its principal place of business is currently in New York.").) Nevertheless, the defendant maintains that it can avoid the forum defendant rule and still remove the case because it was never "properly joined and served" as a defendant in the state court action. (*Id.* at 4-6.) The plaintiff argues that it served the defendant properly under Florida law and that venue is improper in the Eastern District of New York in any event. (ECF No. 11.) I agree with the plaintiff on both counts.

Rule 4 of the Federal Rules of Civil Procedure provides that a corporation, partnership or other association may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or service is made." Fed R. Civ. P. 4(e)(1) and (h)(1)(a). Section 48.062 of the Florida Statutes provides for service on a limited liability company by service on the registered agent or "on any employee of the registered agent during the first attempt at service even if the registered agent is a natural person and is temporarily absent from his or her office." Fla. Stat. § 48.062(1). The plaintiff served the summons and complaint on Tee Lancaster, an employee of Jeff Petersen, the defendant's registered agent, at the defendant's principal place of business in Florida. (*See* ECF Nos. 7-3, 7-7.) This is plainly sufficient under Florida law. *See G.W. Palmer & Co., Inc. v. Fla.*

3

*Fresh Produce Corp.*, No. 17-CV-657, 2018 WL 4759894, at *1 (M.D. Fla. Jan. 22, 2018) (serving the accountant/bookkeeper of the registered agent sufficient under Section 48.062(1)); *Ferrara Candy Co. v. Exhale Vapor LLC*, No. 17-CV-512, 2018 WL 6261503, at *2 (M.D. Fla. Jan. 3, 2018) ("Because service was made on an employee of the registered agent of the limited liability company, the Court finds that Plaintiff properly effectuated service of process pursuant to Fla. Stat. § 48.062(1)."); *Branch Banking and Trust Comp. v. Chalifoux Bus. Park, L.L.C.*, No. 15-CV-2005, 2016 WL 1238746, at *1-2 (M.D. Fla. Mar. 10, 2016) (serving office manager who was an employee of the registered agent sufficient under Section 48.062(1)), *report and recommendation adopted*, 2016 WL 1242552 (M.D. Fla. Mar. 29, 2016).[1]

Accordingly, the defendant, a citizen of Florida properly served under Florida law, cannot remove the case from Florida state court to federal court on the grounds of diversity jurisdiction.[2] *See* 28 U.S.C. § 1441(b)(2). However, even if the defendant could remove the case to federal court, it cannot remove it to the Eastern District of New York. A defendant may only remove a case to the "district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This case was originally filed in the Circuit Court of the State of Florida, Palm Beach County, so the proper district court is in Florida, not New York. If the removal was otherwise proper, this defect would be remedied by transferring this case to the proper district; however, "efficiency is better served

---

[1] The defendant argues that the statute limits service to a registered agent, member, manager, or employee designated by a member or manager. (ECF No. 9 at 4-5.) Although it quotes extensively from the statute, the defendant overlooks the portion authorizing service "on any employee of the registered agent." Fla. Stat. § 48.062(1).

[2] Moreover, because the plaintiff served the defendant on August 27, 2019, the defendant's notice of removal on December 10, 2019 was untimely. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .").

4

by remanding the case immediately, rather than transferring the case to [the proper district] for the removal motion to be considered, which would occasion further unnecessary delay, expense, and expenditure of judicial resources." *Lynch v. Waldron*, No. 05-CV-2274, 2005 WL 1162453, at *1 (S.D.N.Y. May 17, 2005).

## CONCLUSION

The plaintiff's motion to remand is granted, and the action is remanded to the Circuit Court of the State of Florida, Palm Beach County.

**SO ORDERED.**

                                                            s/Ann M. Donnelly

                                                  Ann M. Donnelly
                                                  United States District Judge

Dated: Brooklyn, New York
        April 27, 2020